IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR-08-54-GF-BMM <br> CR-08-123-GF-BMM |
| Plaintiff, | |
| vs. | **FINDINGS AND RECOMMENDATIONS TO REVOKE DEFENDANT'S SUPERVISED RELEASE** |
| CHANNING EDER, | |
| Defendant. | |

## I. Synopsis

The United States accused Channing Eder of violating his conditions of supervised release by (1) consuming alcohol on June 1, 2017, (2) committing two counts of aggravated assault, (3) consuming alcohol on July 22, 2017, and (4) possessing a dangerous weapon. He admitted to the allegations. His supervised release should be revoked, and he should be sentenced to twelve months and one day in custody, with 48 months of supervised release to follow in CR-08-54-GF-BMM and his supervised should be revoked, and he should be sentenced to 0

months custody with 36 months of supervised release to follow in CR-08-123-GF-BMM.

## II. Status

On January 12, 2009, United States District Judge Sam Haddon sentenced Mr. Eder to 33 months in custody, with 36 months of supervised release to follow, after he pleaded guilty to an assault causing serious bodily injury on February 21, 2007 (Doc. 34). This sentence was to run concurrently with an 84 month sentence with 60 months of supervised release to follow for the use of a firearm during a violent crime on October 8, 2007. (*See* CR-08-123, Doc. 15). Mr. Eder began his first term of supervised release on May 30, 2017.

**Petition**

The Probation Office filed a Petition for Warrant for Offender Under Supervision on July 31, 2017, accusing Mr. Eder of violating the conditions of his supervised release. The Petition alleges that Mr. Eder signed a drug use admission form, acknowledging he consumed alcohol on June 1, 2017, in violation of Special Condition 4. It further alleges that Mr. Eder violated Mandatory Condition 1 by committing the two counts of aggravated assault. The Petition states that on July 22, 2017, Mr. Eder was in an altercation with two others, during which Mr. Eder cut Mr. Roy Daniels and Mr. Robert Daniels, and was later arrested in his home. Mr. Eder is also accused of violating Special Condition 4 on July 22, 2017 by

admitting to the arresting officer he had been consuming alcohol. Finally, the Petition alleges that Mr. Eder violated Standard Condition 10 by possessing a dangerous weapon, either a box cutter or a piece of glass. (Doc. 37). Judge Morris issued a warrant for his arrest based on the allegations in the petition. (Doc. 38).

**Initial appearance**

Mr. Eder appeared before the undersigned for an initial appearance on August 24, 2017, in Great Falls, Montana. Federal Defender Hank Branom accompanied him at the initial appearance. Assistant United States Attorney Jared Cobell represented the United States.

Mr. Eder said he had read the petition and understood the allegations. He waived the preliminary hearing, and the parties consented to proceed with the revocation hearing before the undersigned.

**Revocation hearing**

Mr. Eder admitted to allegations in the petition. The violations are serious and warrant revocation of his supervised release.

Mr. Eder's violation grade is Grade C, his criminal history category is I, and his underlying offenses are a Class A and Class C felonies. He could be incarcerated for up to 60 months and 24 months in custody, respectively. He could be ordered to remain on supervised release for 60 months and 36 months, respectively, less any custody time imposed. The United States Sentencing

Guidelines call for three to nine months in custody.

Mr. Branom recommend a sentence of six months in custody, with six months of supervised release to follow in a pre-release center. Mr. Eder exercised his right of allocution and stated that he was doing well before this incident and was gainfully employed, and that his girlfriend was expecting in seven or eight months. Mr. Cobell recommended a sentence of twelve months in custody, with 48 months of supervised release to follow.

### III. Analysis

Mr. Eder's supervised release should be revoked because he admitted to violating its conditions. He should be sentenced to sentenced to twelve months and one day in custody, with 48 months of supervised release to follow in CR-08-123-GF-BMM and zero months custody, with 36 months of supervised release to follow in CR-08-123-GF-BMM. The Court added as a special condition that:

> The defendant shall reside in a Residential Reentry Center (RRC) under contract to the United States Bureau of Prisons, in the pre-release component, for a period of 180 days. The defendant shall abide by all rules and regulations of the center and successfully completed any programming as deemed appropriate by the United States Probation Office.

This sentence would be sufficient given the serious violation of the Court's trust, but it would not be greater than necessary.

## IV. Conclusion

Mr. Eder was advised that the above sentence would be recommended to Judge Morris. The Court reminded him of his right to object to these Findings and Recommendations within 14 days of their issuance. The undersigned explained that Judge Morris would consider his objection, if it is filed within the allotted time, before making a final determination on whether to revoke his supervised release and what, if any, sanction to impose.

The Court **FINDS:**

> Channing Eder violated the conditions of his supervised release by (1) consuming alcohol on June 1, 2017, (2) committing two counts of aggravated assault, (3) consuming alcohol on July 22, 2017, and (4) possessing a dangerous weapon.

The Court **RECOMMENDS:**

> The district court should revoke Mr. Eder's supervised release and committing him to the custody of the United States Bureau of Prisons for twelve months and one day, with 48 months of supervised release to follow in CR-08-123-GF-BMM and zero months custody of the United States Bureau of Prisons with 36 months of supervised release to follow in CR-08-54-GF-BMM.

**NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT**

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of

Electronic Filing. 28 U.S.C. § 636(b)(1). A district judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district judge, and may waive the right to appear and allocute before a district judge.

Dated the 28th day of August 2017.

John Johnston
United States Magistrate Judge