IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| UNITED STATES OF AMERICA, | CR 08-54-GF-BMM-JTJ |
|---|---|
| Plaintiff, | **FINDINGS AND RECOMMENDATIONS** |
| vs. | |
| CHANNING EDER, | |
| Defendant. | |

## I. Synopsis

Defendant Channing Eder (Eder) has been accused of violating the conditions of his supervised release. Eder admitted the alleged violation. Eder's supervised release should be revoked. Eder should be placed in custody for 9 months, with no supervised release to follow.

## II. Status

Eder pleaded guilty to Assault Resulting in Serious Bodily Injury on September 30, 2008. (Doc. 31). The Court sentenced Eder to 33 months of custody, followed by 3 years of supervised release. (Doc. 34). Eder's current term of supervised release began on May 1, 2020. (Doc. 91 at 2).

## Petition

The United States Probation Office filed a Petition on May 11, 2020, requesting that the Court revoke Eder's supervised release. (Doc. 91). The Petition alleges that Eder violated the conditions of his supervised release by failing to report to the United States Probation Office within 72 hours of his release from prison.

## Initial appearance

Eder appeared before the undersigned for his initial appearance on June 9, 2020. Eder was represented by counsel. Eder stated that he had read the petition and that he understood the allegations. Eder waived his right to a preliminary hearing. The parties consented to proceed with the revocation hearing before the undersigned.

## Revocation hearing

The Court conducted a joint revocation hearing in this case and in Cause CR 08-123-GF-BMM on June 9, 2020. Eder admitted that he had violated the conditions of his supervised release by failing to report to the United States Probation Office within 72 hours of his release from prison. The violation is serious and warrants revocation of Eder's supervised release.

Eder's violation is a Grade C violation. Eder's criminal history category is

I. Eder's underlying offense in this case is a Class C felony. Eder's underlying offense in Cause CR 08-123-GF-BMM is a Class A felony. Eder could be incarcerated for up to 24 months. Eder could be ordered to remain on supervised release for up to 18 months, less any custody time imposed. The United States Sentencing Guidelines call for a term of custody of 3 to 9 months.

### III. Analysis

Eder's supervised release should be revoked. Eder should be incarcerated for 9 months, with no supervised release to follow. This sentence is sufficient but not greater than necessary.

### IV. Conclusion

The Court informed Eder that the above sentence would be recommended to United States District Judge Brian Morris. The Court also informed Eder of his right to object to these Findings and Recommendations within 14 days of their issuance. The Court explained to Eder that Judge Morris would consider a timely objection before making a final determination on whether to revoke his supervised release and what, if any, sanction to impose. Eder stated that he wished to waive his right to object to these Findings and Recommendations, and that he wished to waive his right to allocute before Judge Morris.

The Court **FINDS:**

That Channing Eder violated the conditions of his supervised release by failing to report to the United States Probation Office within 72 hours of his release from prison.

The Court **RECOMMENDS:**

That the District Court revoke Eder's supervised release and commit Eder to the custody of the United States Bureau of Prisons for 9 months, with no supervised release to follow. The sentence imposed in this case should run concurrent with the sentence imposed in Cause CR 08-123-GF-BMM.

**NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT**

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing. 28 U.S.C. § 636(b)(1). A United States district judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district judge, and may waive the right to appear and allocute before a district judge.

DATED this 10th day of June, 2020.

John Johnston
United States Magistrate Judge

4